UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUCAS HARVILL, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) ) | No. 4:14-CV-1444 JAR |
| v. ) ) | |
| PHELPS COUNTY RESTAURANT, LLC d/b/a COLTON'S STEAK HOUSE & GRILL, and CHRIS MORGAN, ) ) ) ) | |
| Defendants. ) | |

## ORDER AND JUDGMENT APPROVING CLASS SETTLEMENT AGREEMENT

This matter came before the Court on July 30, 2015 for a final fairness hearing. The Court hereby enters judgment granting final approval of the proposed class action settlement in the action brought by Lucas Harvill individually and as class representative for the classes certified by the Court against Defendants Phelps County Restaurant, LLC d/b/a/ Colton's Steak House & Grill and Chris Morgan. In entering this Judgment, the Court finds as follows:

1. Mr. Harvill filed this lawsuit against Defendants alleging he and others similarly situated were employed by Colton's Steak House & Grill as tipped employees and were unlawfully denied minimum wage under the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Law ("MMWL") due to Defendants' improper tip pooling/sharing practices. In Count I of the Complaint, Mr. Harvill, on behalf of himself and all others similarly situated, sought to recover damages under the FLSA for those individuals who chose to opt-in to the lawsuit. In Count II of the Complaint, Mr. Harvill, on behalf of himself and all others

similarly situated, sought to recover damages under the MMWL. In Count III of the Complaint, Mr. Harvill asserted an individual claim for retaliation pursuant to the FLSA.

2. On February 19, 2015, the Court granted the parties' Joint Motion for Conditional Certification on Count I of the Complaint. Class Counsel mailed notice to the putative class members at their last known addresses provided by Defendants. The Court set a 60 day opt-in period, which closed on April 24, 2015. Prior to that deadline, eighteen individuals, in addition to Mr. Harvill, filed consent-to-join forms with the Court.

3. Pursuant to the Settlement Agreement and Release, Defendants have agreed to pay $350,000.00 to settle all Class members' claims.

4.  For purposes of settlement, on June 8, 2015, the Court certified two separate classes as follows: (a) all persons who opted into the lawsuit on Count I of the Complaint by filing a consent-to-join form with the Court on or before April 24, 2015 (a list of said individuals is set forth in Exhibit 1 to the Settlement Agreement); and (b) all persons who worked for Colton's Steak House & Grill at any time from August 19, 2012 to July 31, 2014 and whose compensation included receiving tips and/or who participated in a tip pool or tip sharing arrangement (a list of said individuals is set forth in Exhibit 2 to the Settlement Agreement).

5. Also on June 8, 2015, the Court preliminarily approved the Settlement Agreement between the parties and approved the form of notice to the Class. Class Counsel represented that a copy of the class notice and consent form was sent by U.S. mail on June 10, 2015 to all of the class members identified on the class list provided by Defendants' counsel. The Court finds the notice given was reasonable and adequate. No Class member objected to the proposed settlement and no Class member elected to opt out of the Class.

6. The Court held a fairness hearing on the proposed settlement on July 30, 2015. Under the terms of the settlement, Mr. Harvill is to receive $5,000.00 as an award as Class representative for services provided and efforts expended which have benefitted the Class. Class Counsel represents to the Court that Mr. Harvill has been substantially and significantly involved in every stage of the proceedings from its inception, assisting Class Counsel to prosecute the claims on behalf of the Class. The Court finds the proposed award to the Class representative is fair and reasonable and consistent with awards made in similar cases.

7. Under the terms of the settlement, Russ Riggan and the Riggan Law Firm, LLC ("Class Counsel") is to receive $124,621.25 for attorney's fees and costs. The Court finds the proposed fees and costs are fair and reasonable in light of the substantial effort expended by Class Counsel on behalf of the class and Mr. Harvill as to his individual retaliation claim.

8. The settlement further provides for $22,500.00 payable to Mr. Harvill as consideration for his FLSA retaliation claim. To the extent the parties seek the Court's approval of their settlement of the individual claim asserted in Count III of the Complaint, it appears to the Court that the terms are appropriate, fair and reasonable.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

9. The Court approves the parties' Settlement Agreement and Release as fair, reasonable, and adequate and directs the parties to administer and disburse the settlement proceeds in accordance with the terms of the Settlement Agreement.

10. The Court approves the $5,000.00 incentive award to named Plaintiff Lucas Harvill as set forth in the parties' Settlement Agreement for services provided and efforts expended

which have benefitted the Class, and orders the award be paid from the settlement proceeds in accordance with the terms of the Settlement Agreement.

11. The Court approves an award of attorneys' fees and costs in the amount of $124,621.25 for and in complete satisfaction of any and all attorney's fees and costs incurred by and/or owed to Class Counsel. The Court finds the approved amount of Class Counsel's request falls within the range of reasonableness and that the result achieved justifies the award. The payment of fees and costs to Class Counsel shall be made from the settlement proceeds in accordance with the terms of the Settlement Agreement.

12. The Court approves an award of $22,500.00 payable to Plaintiff Lucas Harvill as set forth in the parties' Settlement Agreement as and for consideration for his FLSA retaliation claim and orders the award be paid from the settlement proceeds in accordance with the terms of the Settlement Agreement.

13. The Court hereby **DISMISSES** this lawsuit on the merits and with prejudice against all persons who are class members as to all settled claims against Defendants, as those terms are defined in the Settlement Agreement. All class members are hereby conclusively deemed to have released and discharged Defendants as to all settled claims. Notwithstanding the above, the Class representative and the other class members have not released or discharged Defendants from performing their obligations under the Settlement Agreement. The Court retains jurisdiction of this action to the extent necessary to enforce the terms of this Order and the Settlement Agreement.

14. Neither this Order nor the Settlement Agreement shall be construed as an admission of any liability, culpability, negligence, unlawful conduct, or wrongdoing by Defendants.

- 5 -

Dated this 31st day of July, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**